# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**PAULA SIMMONS**                                                                                          **PLAINTIFF**

**V.**                                                                                           **NO. 4:20-CV-128-DMB-RP**

**ANDREW SAUL,**
**Commissioner of Social Security**                                                              **DEFENDANT**

## ORDER

On July 17, 2020, Paula Simmons filed a complaint in the United States District Court for the Northern District of Mississippi seeking judicial review of the Commissioner of Social Security's decision denying her claim for benefits. Doc. #1. On May 17, 2021, this Court reversed the unfavorable decision and remanded this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. #24.

The same day, Simmons filed a motion for an award of attorney's fees in the amount of $4,792.12 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),[1] to be paid to her attorney for 23.50 total hours of work performed at the rate of $203.92 per hour. Doc. #25 at PageID 683. The Commissioner does not object to the requested hourly award. Doc. #26 at 3. However, the Commissioner insists the award should be made payable to Simmons, not her counsel, consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010). *Id.* at 2–3. Simmons did not reply to the Commissioner's argument.

Based on the parties' agreement, the Court finds a fee award of $4,792.12 is reasonable and that no special circumstance would make the award unjust. The Court further finds that the

---

[1] The judgment in this case is properly considered final because the case was remanded pursuant to sentence four of 42 U.S.C. § 405(g), which "terminates the civil action seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 298–99 (1993) (cleaned up).

award should be made payable to Simmons pursuant to the United States Supreme Court's ruling in *Astrue v. Ratliff* because Simmons has presented no argument or legal authority to the contrary. *See* 560 U.S. 586, 597–98 (2010) (holding the attorney's client should be the payee of the fee award pursuant to the provisions of the EAJA, regardless of any assignment).

Accordingly, Simmons' motion for attorney fees [25] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent Simmons is awarded attorney's fees in the amount of $4,792.12 (23.50 hours at the hourly rate of $203.92). It is DENIED in all other respects. The Commissioner is **DIRECTED** to promptly pay Simmons $4,792.12 in attorney's fees for the benefit of her counsel.

**SO ORDERED**, this 16th day of June, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**